UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Roxanne Hendon,
 Plaintiff,

v.

Statesman Way Apartments,
Banner Property Management, LLC,
Equifax Information Services, LLC,
Experian Information Solutions, Inc.,
TransUnion LLC,
 Defendants.

Case No. 25-C 1326

# COMPLAINT

## I. Jurisdiction and Venue

1. This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff brings claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and the CARES Act, Pub. L. 116-136.

2. This Court also has jurisdiction under 28 U.S.C. § 1332 because Plaintiff is a resident of Wisconsin, Defendant Banner Property Management, LLC has its principal office in Chicago, Illinois, and the amount in controversy exceeds $75,000.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because the property and events at issue occurred in Milwaukee County, Wisconsin.

## II. Parties

4. Plaintiff, Roxanne Hendon, is an adult resident of Milwaukee, Wisconsin.
5. Defendant Statesman Way Apartments operates rental housing in Franklin, Wisconsin.
6. Defendant Banner Property Management, LLC manages Statesman Way Apartments and has its principal office in Chicago, Illinois.
7. Defendant Equifax Information Services, LLC is a consumer reporting agency headquartered in Georgia.
8. Defendant Experian Information Solutions, Inc. is a consumer reporting agency headquartered in Texas.
9. Defendant TransUnion LLC is a consumer reporting agency headquartered in Illinois.

## III. Factual Allegations

10. On or about July 7, 2022, Plaintiff entered into a lease agreement with Statesman Way Apartments in Franklin, Wisconsin, which is managed by Banner Property Management, LLC, headquartered in Chicago, Illinois.

    11. On or about July 14, 2023, Defendants issued Plaintiff a 30-day lease termination notice requiring full rent to be paid by August 14, 2023 or the unit would be vacated.

    12. Plaintiff vacated the unit on August 12, 2023 in compliance with Defendants' notice. The unit was re-rented by Defendants in September 2023.

    13. On or about September 19, 2023, Defendants issued a security deposit return letter falsely stating a move-out date of September 19, 2023 and charging Plaintiff $4,735 in alleged unpaid rent and fees.

    14. The September 19, 2023 move-out statement was a generic template and failed to provide an itemized list of charges as required by Wis. Admin. Code ATCP 134.06(4).

    15. The move-out statement began with an entry reading "Balance as of September 19, 2023: $6,040.00." This lump-sum balance, without explanation or itemization, violates ATCP 134.06(4), which requires each deduction to be specifically described.

    16. Defendants unlawfully charged Plaintiff six additional days of rent ($390) from September 14–19, 2023, despite Plaintiff vacating on August 12, 2023, and despite the lease having been terminated. Such charges constitute unlawful fees under Wis. Admin. Code ATCP 134.08.

    17. Defendants further deducted alleged cleaning fees, which is prohibited under ATCP 134.06(3)(c) because landlords may not withhold security deposits for normal wear and tear or routine cleaning.

    18. Defendants withheld a $500.00 security deposit credit without explanation, in violation of ATCP 134.06(4).

    19. Defendants applied a "rent credit" of $1,105.00 for 17 days when the new resident did not move in until September 20, 2023, creating an improper offset not allowed under ATCP 134.06.

    20. Defendants also reversed a termination fee credit of $190.00, despite the apartment being re-rented, further evidencing unlawful retention of funds in violation of Wis. Admin. Code ATCP 134.02(10) and 134.08.

20A. Defendants further misrepresented Plaintiff's lease status by claiming that Plaintiff renewed the lease on or about June 27, 2025, the same date that the subject property was sold at

sheriff's sale. This alleged renewal is invalid because Plaintiff's lease had already been terminated and Plaintiff vacated the premises in August 2023.

20B. Defendants' reliance on a purported renewal during or after foreclosure proceedings constitutes a misrepresentation of tenant obligations in violation of Wis. Admin. Code ATCP 134.09(7).

20C. Under Wis. Stat. § 704.15(1), lease renewals require valid notice and agreement. Any attempt to enforce a renewal while the property was subject to foreclosure and sale was unlawful and unenforceable.

21. Pursuant to Wis. Stat. § 100.20(5), Plaintiff is entitled to recover twice the amount wrongfully withheld from her security deposit, plus costs and attorney's fees.

12A. On information and belief, Statesman Way Apartments is a covered property under the CARES Act, Pub. L. 116-136, § 4024, because it participates in federally backed mortgage or rental assistance programs.

12B. The CARES Act prohibited landlords of covered properties from filing evictions or charging late fees during the covered period. Despite this, Defendants attempted to enforce an unenforceable lease and assess rent and fees outside of the allowable timeframe.

12C. Plaintiff's lease and alleged charges therefore fall outside the permissible timeframe under federal protections, further rendering Defendants' claims unenforceable.

12D. The CARES Act was enacted by Congress to provide emergency protections to tenants and prevent exactly the kind of harm Plaintiff experienced — unlawful charges, eviction threats, and credit reporting during a national crisis. Instead of complying with these protections, Defendants disregarded the law and used false charges and adverse credit reporting to harm Plaintiff, directly undermining the purpose of the statute.

22. On December 24, 2024, Plaintiff disputed the inaccurate account with Equifax, Experian, and TransUnion, providing evidence that the lease was terminated in August 2023 and that the balance claimed by Defendants was false.

23. In December 2024, all three credit bureaus returned the account as "verified" after Defendants and/or their reporting agency confirmed the false information.

24. On July 14, 2025, Plaintiff again disputed the inaccurate account with Experian and TransUnion, but both returned the account as "verified" without correction.

25. Defendants, along with Equifax, Experian, and TransUnion, each verified the false reporting despite Plaintiff's disputes, violating the Fair Credit Reporting Act, 15 U.S.C. §§ 1681i and 1681s-2(b).

26. As a result, Plaintiff's credit report continues to falsely show a balance owed to Defendants. Plaintiff has suffered credit damage, housing denials, emotional distress, and reputational harm.

27. Specifically, Plaintiff was unable to secure rental housing because of the false tradeline reported by Defendants and verified by the credit bureaus. Plaintiff was denied housing opportunities directly due to this false reporting and suffered measurable financial and emotional harm as a result.

---

## IV. Causes of Action

### Count I – Fair Credit Reporting Act (15 U.S.C. § 1681s-2(b)) – Against Statesman Way / Banner

28. Defendants, as furnishers of information to consumer reporting agencies, failed to conduct reasonable investigations after receiving Plaintiff's disputes, and continued reporting inaccurate information.

### Count II – Fair Credit Reporting Act (15 U.S.C. § 1681i) – Against Equifax, Experian, and TransUnion

29. Defendants Equifax, Experian, and TransUnion failed to conduct reasonable reinvestigations of Plaintiff's disputes, and improperly marked the false account as "verified."

### Count III – Wisconsin Landlord-Tenant Law (Wis. Admin. Code ATCP 134 and Wis. Stat. § 100.20(5)) – Against Statesman Way / Banner

30. Defendants violated Wisconsin law by failing to return Plaintiff's security deposit within 21 days, failing to provide an itemized accounting, and imposing unlawful fees and charges.

### Count IV – Defamation / Emotional Distress – Against All Defendants

31. By knowingly reporting false rental debts, Defendants defamed Plaintiff and caused severe emotional distress, reputational harm, and denial of housing opportunities.

### Count V – Violation of the CARES Act, Pub. L. 116-136, § 4024 – Against Statesman Way / Banner

32. Defendants violated the CARES Act by attempting to enforce lease obligations, assess fees, and furnish negative credit reporting outside the timeframe permitted for covered properties.

33. The CARES Act was enacted to protect tenants from exactly this type of harm. Defendants' conduct directly frustrated the purpose of the statute and caused Plaintiff damages.

### Count VI – Fraudulent Misrepresentation and Unlawful Lease Renewal – Against Statesman Way / Banner

34. Defendants falsely claimed Plaintiff renewed her lease on June 27, 2025, the date of the sheriff's sale, despite the lease having been previously terminated in 2023.

35. Defendants' conduct violated Wis. Admin. Code ATCP 134.09(7) and Wis. Stat. § 704.15(1), and constitutes fraudulent inducement and misrepresentation of tenant obligations.
36. Plaintiff suffered damages including credit harm, unlawful charges, and emotional distress as a result of this unlawful lease renewal claim.

## V. Prayer for Relief

Plaintiff respectfully requests that the Court:

A. Award actual damages in excess of $75,000 for financial harm, loss of housing opportunities, denial of rental housing, and emotional distress;

B. Award statutory damages of up to $1,000 per violation and punitive damages under the Fair Credit Reporting Act;

C. Order Defendants to correct and remove false credit reporting from Plaintiff's consumer reports;

D. Award Plaintiff the return of all rent paid on an unenforceable lease, plus double damages as permitted under Wis. Stat. § 100.20(5) for unlawful retention of rent and security deposit funds;

E. Award costs and attorney's fees as allowed by law;

F. Grant such other relief as the Court deems just and proper.

## VI. Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

## VII. Filing Fee Request

Plaintiff respectfully requests leave to proceed without prepayment of the filing fee. Plaintiff has completed and attached a request to proceed in District Court without prepaying the filing fee form (in forma pauperis application) in support of this request.

**Dated:** September 2, 2025

Respectfully submitted,

Roxanne Hendon
Plaintiff, Pro Se
3318 N 38th Street, Milwaukee, Wisconsin 53216
414-396-2663
r.hendon0416@gmail.com