UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROXANNE HENDON,

          Plaintiff,

  v.

STATESMAN WAY APARTMENTS, et al.,

          Defendants.

Case No. 25-cv-1326-bhl

## SCREENING ORDER

On September 2, 2025, Plaintiff Roxanne Hendon, proceeding without an attorney, filed a complaint against Statesman Way Apartments, Banner Property Management, LLC, Equifax Information Services, LLC, Experian Information Services, Inc., and TransUnion LLC. (ECF No. 1.) Plaintiff has also filed a motion to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP). (ECF No. 2.) The matter is before the Court for consideration of Plaintiff's IFP motion and for the screening of her complaint.

### IFP MOTION

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *See* 28 U.S.C. §1915(a)(1). Hendon's IFP application includes information about her finances and is signed under penalty of perjury. (ECF No. 2 at 4.) She represents that she is unemployed, is not married, and has no monthly income. (*Id.* at 1–2.) She represents that she lives with her son, has $20 in monthly expenses, and currently has $46.00 in cash assets. (*Id.* at 2–3.) Based on these sworn assertions, the Court concludes that Hendon lacks sufficient resources to pay the filing fee and will grant her motion to proceed IFP.

### MOTION FOR ELECTRONIC FILING PRIVILEGES

Hendon has also filed a "motion for electronic filing privileges and for service of process by the United States Marshalls service." (EFC No. 3.) General Local Rule 5(a)(2) exempts *pro se* parties from the district's electronic filing requirements. The district court's policies and

procedures regarding e-filing further provide that *pro se* parties "cannot file electronically unless authorized by the court." United States District Court for the E.D. Wis. Electronic Case Filing Policies and Procedures Manual, Section I(A)(1), available at https://www.wied.uscourts.gov/e-filing/ecf-policies-and-procedures#In%20General. This policy exists to spare the Court Clerk and her busy staff the burden of educating and correcting *pro se* filers, who are not regular users of the Court's electronic filing system. The Court does not grant self-represented parties leave to file electronically absent extraordinary circumstances. *See Hobbs v. Willis*, No. 22-cv-467-pp, 2022 WL 1692062, at *2 (E.D. Wis. May 26, 2022). In support of her motion, Hendon states that she has a reliable internet connection at her residence and will read the rules related to uploading briefings and filings. (ECF No. 3.) These assertions do not rise to the level of extraordinary circumstances sufficient to justify an exception to the Court's normal procedures. Hendon's position is no different than the circumstances that would apply to many *pro se* litigants. Accordingly, Hendon's request will be denied.

## SCREENING THE COMPLAINT

The IFP statute also requires the Court to dismiss a case at any time if it determines that the plaintiff's allegations of poverty are "untrue" or if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). Accordingly, after evaluating a *pro se* plaintiff's IFP request, the Court must screen the complaint to ensure the case should be allowed to move forward. In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure.

To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS

Hendon contends that she entered into a lease agreement with Statesman Way Apartments in Franklin, Wisconsin in July 2022. (ECF No. 1 ¶10.) She further contends that she received a 30-day lease termination notice on July 14, 2023 that required her to either pay full rent by August 14, 2023 or leave the rental. (*Id*. ¶11.) She left the apartment on August 12, 2023. (*Id*. ¶12.) Hendon then received a "security deposit return letter" on September 19, 2023, charging her $4,735 in alleged unpaid rent and fees and stating a move out date of September 19, 2023. (*Id*. ¶13.) The documents she received did not itemize charges or deductions. (*Id*. ¶14.) She alleges that some Defendants, presumably Statesman Way Apartments or Banner Property Management, LLC misrepresented the status of her lease in June 2025, stating that she had renewed the lease on or near June 27, 2025, when she had not. (*Id*. ¶¶20A–20C.) She alleges the Franklin property was sold on June 27, 2025, at "sheriff's sale." (*Id.* ¶20A.)

Hendon first disputed the account related to the Statesman Way apartment with Equifax, Experian, and TransUnion in December 2024. (*Id*. ¶22.) She asserts that she provided evidence that her lease had ended in August 2023 and asserted that the amount claimed by Statesman Way Apartments, or Banner Property Management, was inaccurate. (*Id.*) The credit reporting agencies continued to report the account as verified. (*Id*. ¶23.) Hendon asserts the reporting agencies did so after either "Defendants and/or their reporting agency confirmed the false information." (*Id.*) Hendon disputed the account with Experian and TransUnion again in July 2025, and both returned the account as "verified". (*Id.* ¶22–25). Hendon alleges that the inaccurate account has caused

damage to her credit rating, led to denials of other opportunities to secure housing, caused emotional distress, and caused reputational harm. (*Id.* ¶26–27.)

## ANALYSIS

Hendon alleges multiple causes of action against various defendants, including claims under both federal and state law, all related to the circumstances under which she ended a lease for an apartment owned and managed by Defendants Statesman Way Apartments and Banner Property Management, LLC. (ECF No. 1.) She seeks injunctive relief, and actual and statutory damages. (*Id.* at 5.) Hendon has, for the purposes of screening, alleged enough facts to proceed on her Fair Credit Reporting Act claims against Statesman Way, Banner, Equifax, Experian, and TransUnion. (*Id.* at 5 (Counts I and II as described in the Complaint).) Similarly, Hendon has alleged enough facts to proceed on her Wisconsin Landlord-Tenant Law claim against Statesman Way and Banner and her defamation claim against Defendants Statesman Way, Banner, Equifax, Experian, and TransUnion. Hendon's other claims, for intentional infliction of emotional distress, violations of the CARES Act, and Fraudulent Misrepresentation, fail as a matter of law. (*Id.* at 5.)

Hendon asserts a claim against Statesman Way Apartments and Banner Property Management, LCC under 15 U.S.C. ¶1681s-2(b)), a provision of the Fair Credit Reporting Act (FCRA). Consumers have a private right of action to sue persons not complying with the FCRA provisions codified at 15 U.S.C. 1681-1681x, unless specifically limited elsewhere in the FCRA. 15 U.S.C. §1681n(a); *Calloway v. Green Tree Servicing, LLC*, 607 F.Supp.2d 669 (D. Del. 2009); *Freeman v. Ocwen Loan Servicing, LLC*, 113 F.4th 701 (7th Cir. 2024) (dismissing plaintiff's 15 U.S.C. §1681s-2(b) claim because complaint did not specify which consumer reporting agencies plaintiff notified of her dispute). Here, Hendon has asserted that Statesman Way and Banner did not comply with the "duties of furnishers of information upon notice of dispute" described in §1681s-2, including conducting an investigation after receiving notice of a dispute from a consumer reporting agency, reviewing all information provided by the consumer reporting agency, and taking action to rectify any information found to be incorrect. (ECF No. 1 ¶¶28, 25.) Hendon asserts that, after she disputed the account associated with the Statesman Way apartment to the credit reporting agencies, Defendants Statesman Way and Banner Property Management were presumably contacted by the credit reporting agencies as information furnishers, and that they then failed to review the information provided and take action to rectify incorrect information. (*Id.* ¶23.) At least for the purpose of screening, the Court concludes that Hendon has alleged enough

facts to proceed on her FCRA claim against Defendants Statesman Way and Banner Property Management.

Hendon asserts a claim against Defendants Equifax, Experian, and TransUnion under 15 U.S.C. §1681i for failing to conduct reasonable reinvestigations of her disputes. (EFC No. 1 at ¶29.) Section 1681i describes the procedure a credit reporting agency must follow after a consumer disputes a report's accuracy. 15 U.S.C §1681i. In general, a consumer reporting agency must conduct a reasonable investigation to determine whether disputed information is accurate and record the current status of disputed information within 30 days of receiving notice of the dispute. 15 USC §1681i(a)(1)(A). Again, consumers have a private right of action to sue persons not complying with the FCRA provisions codified at 15 U.S.C. 1681-1681x, unless specifically limited elsewhere in the FCRA. 15 U.S.C. §1681n(a). Hendon asserts that she provided evidence to the consumer reporting agencies that the account reported regarding her Statesman Way apartment was inaccurate, and that she had in fact ended her lease in August 2023. (ECF No. 1 ¶¶22–25.) She does not describe what evidence she presented, but she does assert that she initially disputed the account to the consumer reporting agency defendants on December 24, 2024, and received a response within the same month that the account had been verified. (ECF No. 1 ¶23.) She also asserts she disputed the account again on July 14, 2025. (*Id.* ¶24.) While, as described in the Complaint, the credit reporting agencies replied within the required time frame, at least to the first dispute, Hendon asserts Defendants Equifax, Experian, and TransUnion did not conduct a reasonable investigation. (*Id.* ¶29.) For the purposes of screening, Hendon states a claim under 15 U.S.C. §1681i against Defendants Equifax, Experian, and TransUnion.

Hendon asserts a state law claim under Wis. Admin. Code §ATCP 134, and Wis. Stat. §100.20(5) against Defendants Statesman Way and Banner. Wisconsin Administrative Code §ATCP 134.06(2)(b) requires landlords to return security deposits within twenty-one days of the date that a tenant vacates the premises or is evicted from the premises. If a landlord withholds any amount of a security deposit, the landlord must, within the twenty-one-day period described in §ATCP 134.06(2), provide a written accounting of the amount withheld that describes each item of physical damage or claim made against the security deposit. Wis. Admin. Code §ATCP 134.06(4). Hendon alleges that she vacated her apartment on August 12, 2023, and received a letter on September 19, 2023, outside the permissible period, charging her $4,735 for "unpaid rent and fees". (ECF No. 1 ¶13.) Hendon also asserts that Defendants charged her rent after she had

left the apartment and improperly withheld a security deposit. (*Id.* ¶12–20.) Hendon has sufficiently stated a claim under this Wisconsin state statute.

Hendon asserts a state law claim of defamation, and a related claim of intentional infliction of emotional distress for the same conduct, against all defendants. Hendon asserts that by reporting false rental debts, the Defendants caused her severe emotional distress and reputational harm, manifested through the denial of housing opportunities. (*Id*. ¶31). To move forward with a defamation claim, a plaintiff must allege the defendant published a false, defamatory, and unprivileged statement. *Fin. Fiduciaries, LLC v. Gannett Co., Inc.*, 46 F.4th 654, 665 (7th Cir. 2022). Here, Hendon has alleged that Defendants Statesman Way and Banner Property Management falsely represented that she owed money in relation to the Statesman Way apartment to various parties, including the credit reporting agencies, and an unnamed party. (*Id.* ¶27.) Hendon also alleges that the defendant credit reporting agencies defamed her by publishing that she owed money to her former landlords. *See Wright v. Experian Info. Sols. Inc.*, No. 15-115-GMS, 2016 WL 6634864 (D. Del. Nov. 7, 2016) (resolving *pro se* plaintiff's defamation claim against Experian Information Solutions Inc. for reporting plaintiff's debt to third parties on a motion for summary judgment). At least for the purposes of pleading, the Court concludes Hendon has alleged enough facts to proceed on her defamation claim.

Hendon does not state a claim for intentional infliction of emotional distress. To state a claim for intentional infliction of emotional distress under Wisconsin state law, "[a] plaintiff must demonstrate (1) that the defendant's conduct was intentioned to cause emotional distress; (2) that the defendant's conduct was extreme and outrageous; (3) that the defendant's conduct was a cause in-fact-of the plaintiff's emotional distress; and (4) that the plaintiff suffered an extreme disabling emotional response to the defendant's conduct." *Rabideau v. City of Racine*, 627 N.W.2d 795, 803 (Wis. 2001). Hendon has not alleged facts sufficient to show several of these elements. Most clearly, she has not asserted that any of the defendants acted with the purpose of causing her emotional distress or pleaded any facts related to intent. *Id.* at 802–03. (ECF No. 1.) In addition, Hendon has asserted that she suffered emotional distress, but she has not alleged any facts to show that she "suffered an extreme disabling emotional response" in response to the conduct. *Rabideau*, 627 N.W.2d at 803. Accordingly, she has therefore failed to state a claim for intentional infliction of emotional distress.

Hendon attempts to assert a claim under 15 U.S.C. §9058, the provision of the Coronavirus Aid, Relief, and Economic Security (CARES) Act that created a temporary moratorium on eviction filings. She asserts that Statesman Way participates in federally backed rental assistance programs and is thus a covered property under the act. (ECF No. 1 ¶12A.) She asserts that "Defendants violated the CARES Act by attempting to enforce lease obligations, assess fees, and furnish negative credit reporting outside the timeframe permitted for covered properties." (ECF No. 1 ¶32.) Hendon's Complaint only references events that took place in 2023, 2024, and 2025. The CARES Act temporary eviction moratorium expired on July 24, 2020, 120 days after its passage. 15 U.S.C. §9058; *H&J Props., LLC v. Mark*, 2022 WI App 42, ¶15 (2022). Because the events discussed in the complaint occurred well after the moratorium expired, Hendon cannot state a claim under this provision of the CARES Act.

Hendon attempts to assert a state law claim for fraudulent misrepresentation against Statesman Way and Banner in relation to their alleged unlawful renewal of her lease. To state a claim for fraudulent misrepresentation, a plaintiff must allege that defendant made a false representation of fact, with intent to defraud and for the purpose of inducing another to act upon it, and actual inducement of that other person to rely and act upon the representation, causing injury or damage. *Lundin v. Shimanski*, 368 N.W.2d 676, 680-81 (Wis. 1985). Hendon's Complaint does not include any facts suggesting that Defendants made false representations with the intent of inducing another person to act, or that any person relied on a false statement and acted upon it. The only relevant fact alleged is that Defendants "falsely claimed" that she "renewed her lease on June 27, 2025, the date of the sheriff's sale." (ECF No. 1 ¶34.) The Court assumes that the "sheriff's sale" was some foreclosure of the property Hendon previously leased from Defendants, but her Complaint does not assert that any person was induced to act by this alleged misrepresentation. (*Id.*)

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Hendon's motion to proceed in district court without prepaying the filing fee, ECF No. 2, is **GRANTED.**

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 4(c)(3), the U.S. Marshals Service shall serve a copy of the complaint, waiver of service form and/or the summons, and this order upon defendants. Hendon is advised that Congress requires the U.S. Marshal's Service to

charge for making or attempting such service. 28 U.S.C. §1921(b). The current fee for waiver of service packages is $8 per item mailed. 28 C.F.R. §0.114(a)(2). Congress has not made any provision for waiver of these service fees.

Hendon is now required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the Court to the opposing party or its attorneys. Hendon should also retain a copy of each document. The Court may disregard any papers or documents which do not indicate that a copy has been sent to defendant or its attorneys. Hendon is further advised that her failure to make a timely submission, including notifying the Court of any changes in address, may result in the dismissal of this case for failure to prosecute under Civil L. R. 41.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the complaint within the time allowed under the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Hendon's Motion for Electronic Filing Privileges, ECF No. 3, is **DENIED**.

Dated at Milwaukee, Wisconsin on September 23, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge