UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROXANNE HENDON,

        Plaintiff,

v.

        Case No. 25-cv-1326-bhl

STATESMAN WAY APARTMENTS, et al.,

        Defendants.

## SCREENING ORDER

    On September 2, 2025, Plaintiff Roxanne Hendon, proceeding without an attorney, filed a complaint against Statesman Way Apartments, Banner Property Management, LLC, Equifax Information Services, LLC, Experian Information Services, Inc., and TransUnion LLC, asserting claims related to disputes over Hendon's apartment lease. (ECF No. 1.) She also filed a motion to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP), (ECF No. 2), and a motion for electronic filing privileges, (ECF 3). On September 23, 2025, the Court granted her motion to proceed IFP, denied her motion for electronic filing privileges, screened her complaint, and allowed her to move forward on some of her claims. (ECF No. 4.) Although unnecessary, Hendon has now filed an amended complaint, which is ready for screening. (ECF No. 6.)

### SCREENING THE COMPLAINT

    The IFP statute requires the Court to dismiss a case at any time if it determines that the plaintiff's allegations of poverty are "untrue" or if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). Accordingly, the Court must screen an amended complaint to ensure the case should still be allowed to move forward.

    In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim

showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS

Hendon's Amended Complaint contains far less factual background than her initial complaint. This complicates the Court's job and undercuts Hendon's efforts to state a valid claim. As a non-lawyer, Hendon appears not to have appreciated that her Amended Complaint completely supersedes her first complaint and the Court can no longer consider the allegations in her original pleading. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998) (explaining that an amended pleading must be complete on its own and that the allegations in a superseded complaint are not considered by the Court.) Accordingly, in screening the amended complaint, the Court does not consider the facts alleged in Hendon's earlier pleading.

Hendon's Amended Complaint offers very few factual allegations. Hendon alleges she entered a one-year lease with TI Investors of Franklin Apartments, LLC, and renewed that lease on June 27, 2023. (ECF No. 6 ¶9.) Banner Property Management then bought the subject property and became her landlord. (*Id.*) She received a 30 day "'pay or vacate' termination notice" from Banner Property Management in July 2023. (*Id.* ¶11.) She alleges she left her unit on August 12, 2023, but then received a letter from her former landlord on September 19, 2023 in which the landlord claimed, without providing an itemization, that Hendon owed a "$6,040 balance

forward."[1] (*Id.* ¶¶12, 15.) Hendon further alleges that the Defendants reported "false tradeline debts" to Equifax, Experian, and TransUnion in relation to the "balance forward" amount claimed by her landlord, that she disputed the debts, but that the credit reporting agencies continued to report the debt as valid without meeting their obligations under the Fair Credit Reporting Act (FCRA). (*Id.* ¶¶18, 21.) Hendon asserts she has suffered financial harm, reputational harm, and emotional distress because of these actions. (*Id.* ¶19.) Based on these few allegations, Hendon asserts claims under the Fair Credit Reporting Act (FCRA) and state law.

## ANALYSIS

As noted above, Hendon's Amended Complaint contains far less detail than her prior Complaint. (*Id.*) Hendon claims that Equifax, Experian, and TransUnion violated 15 U.S.C. §1681i, a provision of the FCRA, by failing to conduct a reasonable reinvestigation of her disputes about the balance forward claimed by her former landlord. (*Id.* ¶¶20–22.) In her prior Complaint, Hendon provided specific information that described when she disputed the amount with these reporting agencies and the result of her dispute. (ECF No. 1 ¶¶22–25.) But she does not include these allegations in her Amended Complaint. Thus, by amending, Hendon has undercut her own efforts to assert FCRA claims. Because the Amended Complaint, standing alone, does not provide Equifax, Experian, and TransUnion with sufficient information to notify them of the basis for her claims, she fails to state a claim on which relief can be granted. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Hendon's attempt to sue her former landlord under 15 U.S.C. §1681s-2(b) for failing to conduct a reasonable investigation after receiving notice of her dispute of the debt also fails. Her Amended Complaint no longer contains sufficient detail to put Banner Property Management on notice of what it has allegedly done to violate §1681s-2(b). (ECF No. 6 ¶22.)

Hendon also alleges several claims based on Wisconsin Law. (*Id.* ¶¶23–39.) The Court does not have subject matter jurisdiction over these claims, because Hendon no longer has a viable federal claim that could provide supplemental jurisdiction for these claims. 28 U.S.C. §1367. When a state law claim that has no basis for federal jurisdiction is closely related to claims in the same action over which a district court *does* have original jurisdiction, that district court has supplemental jurisdiction over those state law claims. 28 U.S.C. §1367(a). If the claims that

---

[1] Hendon attaches the letter to her amended complaint. (ECF No. 6-3 at 1–2.) Contrary to her allegations, the attachment includes an itemization. (*Id*. at 2.)

provide a basis for federal subject matter jurisdiction are dismissed, the district court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. §1367(c)(3). Because Hendon's FCRA claims, which would have provided a basis for federal jurisdiction under 28 U.S.C. §1331, have been dismissed because she failed to state a claim, and the parties are not diverse, 28 U.S.C. §1332(a)(1), there is no basis for subject matter jurisdiction. Hendon's state law claims are therefore dismissed.

Because an Amended Complaint supersedes an older Complaint, the Court considers only the allegations raised in Hendon's Amended Complaint on their own. *See Duda*, 133 F.3d at 1056–57. The Court has no choice and must dismiss Hendon's Amended Complaint because it does not state a claim against any of the defendants. Ironically, Hendon's original Complaint was more legally sound.

Given that Hendon is proceeding without a lawyer and presumably did not appreciate the consequences of amending her pleading without including underlying factual allegations present in her first complaint, the Court will allow her one more chance to replead and continue her case. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022) (encouraging courts to provide *pro se* litigants with an opportunity to amend to fix defective pleadings). Accordingly, the Court will allow Hendon the chance to file a further amended complaint and will give her until **November 24, 2025** to do so. Hendon is specifically reminded that if she files another amended pleading, her new complaint must include the docket number assigned to this case and must be labeled "Second Amended Complaint." She should also understand that her second amended complaint will again supersede both her initial and amended complaints. She cannot rely upon or incorporate factual allegations from her earlier filings. Her new complaint must be complete in and of itself without reference to the original or amended complaints. *See Duda*, 133 F.3d at 1056–57. If Hendon does not file a Second Amended Complaint by the deadline, the Court will dismiss this case without prejudice for failure to prosecute pursuant to Civil L.R. 41(c).

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Hendon's Amended Complaint, ECF No. 6, is **DISMISSED without prejudice**. If Plaintiff wishes to proceed with this lawsuit, she must file an amended complaint on or before **November 24, 2025**. If the Court does not receive Plaintiff's amended

complaint by that date, it will dismiss the case for failure to state a claim and for Plaintiff's failure to prosecute pursuant to Civil Local Rule 41(c).

Dated at Milwaukee, Wisconsin on October 22, 2025.

s/ *Brett H. Ludwig*  
BRETT H. LUDWIG  
United States District Judge