ROXANNE HENDON,

               Plaintiff,

                                              Case No. 25-cv-1326-bhl

      v.

STATESMAN WAY APARTMENTS, et al,

               Defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

*Pro se* Plaintiff Roxanne Hendon is proceeding on claims against her landlord and apartment management company, Defendants Banner Property Management LLC and Statesman Apartments/Franklin Statesman Apartments, LLC (Statesman Way), and three credit reporting agencies, Equifax, Experian and Transunion, (collectively, the CRA Defendants) on claims related to the termination of her apartment lease. The CRA Defendants have moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) with respect to four of Hendon's claims. (ECF No. 29.) Defendants Banner and Statesman Way have asked to join the motion, (ECF No. 36), and Hendon did not respond or otherwise object to that request. Because the four claims that Defendants challenge all fail to state a claim on which relief can be granted, the Court will grant Defendants' motion and the case will proceed only on Hendon's remaining claims.[1]

---

[1] The procedural history of this case is complicated, even though the case remains at the pleading stage. Hendon filed her initial complaint along with a motion for leave to proceed *in forma pauperis* (IFP) on September 2, 2025. (ECF Nos. 1 & 2.) The Court granted her motion to proceed IFP and, after screening, allowed her to move forward on only a portion of her claims. (ECF No. 4.) Hendon then filed an amended complaint on September 29, 2025, but that less-detailed pleading incorporated by reference documents that undercut her claims and failed to state a claim on any of her theories, (ECF No. 6), and the Court therefore dismissed it at screening but gave Hendon leave to amend, (ECF No. 11). Hendon then filed the currently operative Second Amended Complaint on October 28, 2025. (ECF No. 15.) After all Defendants answered, the CRA Defendants (now joined by the others) moved for judgment on the pleadings. (ECF No. 29.) Banner and Statesman Way have now also asked the Court to issue a third screening order. (ECF No. 38.) Given that all Defendants have answered, the Court concludes Defendants have sufficient notice of Hendon's claims and will decline to expend its limited resources on another screening order. Given this Order, the CRA Defendants' request that the Court stay discovery pending the resolution of the motion for judgment on the pleadings, (ECF No. 39), is denied as moot.

**BACKGROUND**[2]

Plaintiff Roxanne Hendon is a resident of Milwaukee, Wisconsin. (ECF No. 15 ¶5.) Defendant Statesman Way operates rental units at 2950 Statesman Way in Franklin, Wisconsin (the Statesman Way property). (*Id.* ¶6.) Defendant Banner manages the Statesman Way property. (*Id.* ¶7.) Defendants Equifax, Experian, and TransUnion are nationwide consumer reporting agencies. (*Id.* ¶8.)

On July 7, 2022, Hendon signed a one-year residential lease for an apartment at the Statesman Way property, which then had a different owner. (*Id.* ¶9.) On June 27, 2023, Hendon renewed her lease. (*Id.* ¶10.) That same day, Statesman Way became the owner of the Statesman Way property, and Banner began to manage it. (*Id.*) Less than a month later, on July 14, 2023, Banner and Statesman Way issued a 30-day notice to Hendon to vacate the apartment and stated that notice was required under "federal COVID/CARES-Act rules." (*Id.* ¶11.) Hendon left the apartment on August 12, 2023, and the unit was rented by a new tenant in September 2023. (*Id.* ¶12.)

On September 19, 2023, Statesman sent Hendon a security deposit return letter that noted a "balance forward of $6,040," did not itemize deductions, and was not signed by the property manager. (*Id.* ¶13.) This letter charged Hendon rent for September 14–19, 2023, and used a "move-out date" of September 19, 2023. (*Id.* ¶14.) Hendon alleges Statesmen also withheld a $500 deposit and charged her for routine cleaning. (*Id.* ¶15.) Hendon asserts the lease contained "unenforceable clauses." (*Id.* ¶16.)

Hendon has attached a "Move Out Statement" to her second amended complaint related to these allegations. (ECF No. 15-1 at 2.) This document is inconsistent with, and in fact refutes, some of Hendon's allegations. The statement shows a $500 security deposit credit was applied to her outstanding rent balance. (*Id.* at 3.) It also reflects a further "rent credit" deduction of $1,105 to her outstanding balance, covering 17 days of rent. (*Id.*) The total outstanding balance is listed as $4,735. (*Id.*) This amount is also listed in the various credit reports Hendon also attached to her

---

[2] This Background is derived from Hendon's second amended complaint, (ECF No. 15), the allegations in which are presumed true when considering a motion to dismiss, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007), and documents incorporated by reference in Hendon's second amended complaint, *see Williamson v. Curran*, 714 F.3d 432, 435–36 (7th Cir. 2013); *see also* Fed. R. Civ. P. 10(c).

second amended complaint and in a letter from National Credit Systems Inc addressed to Statesman Way related to the dispute. (*Id.* at 5, 7.)

On November 29, 2024, Hendon disputed the balance online. (ECF No. 15 ¶18.) From December 2024 through August 2025, Hendon disputed the debt with Equifax, Experian, and TransUnion, and provided "proof of the August 12, 2023 move-out" and the security deposit letter. (*Id.* ¶19.) On July 31, 2025, National Credit Systems sent Statesman a "written verification request" regarding the debt. (*Id.* ¶21.) On August 4, 2025, a Statesman representative responded that Hendon owed a balance of $4,735.00 and that the reported debt was correct. (*Id.* ¶22.) National Credit Systems then continued collections on this debt. (*Id.* ¶24.) Hendon has since been told by leasing agents that "she failed screening" because her credit report reflected an unpaid rental balance. (*Id.* ¶25.)

## LEGAL STANDARD

A party may move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). Courts resolve motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) using the same standard that applies to a Rule 12(b)(6) motion. *Katz-Crank v. Haskett*, 843 F.3d 641, 646 (7th Cir. 2016). In ruling on a motion for judgment on the pleadings, a court may consider the complaint, answer, and any attachments to those documents. *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998); Fed. R. Civ. P. 10(c).

For the purposes of deciding a Rule 12(c) motion for judgment on the pleadings, the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *See Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must do more, however, than "recite the elements of a cause of action in a conclusory fashion." *Roberts*, 817 F.3d at 565 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A complaint survives a motion for judgment on the pleadings when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). The complaint will be dismissed if it fails to allege sufficient facts to state a claim on which relief may be granted. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ANALYSIS

Hendon raises eight claims in her second amended complaint, all related to the circumstances under which she ended a lease for an apartment owned and managed by Defendants Statesman Way and Banner. (ECF No. 15.) The CRA Defendants attack four of these claims in their motion for judgment on the pleadings: Hendon's claim for a violation of the Fair Credit Reporting Act (FCRA) based on the CRA Defendants' failure to conduct a reasonable reinvestigation of a disputed debt (Count II), her defamation claim (Count IV), her negligence claim (plead "in the alternative" to defamation, also Count IV), and her intentional infliction of emotional distress claim (Count V).[3] The CRA Defendants assert the pleadings show they are not liable under the FCRA, that Hendon's defamation and negligence claims are preempted by the FCRA, and that she has not pleaded facts to support her intentional infliction of emotional distress claim. (ECF No. 30.) Defendants Statesman Way and Banner have joined the motion with respect to the causes of action that implicate them. (ECF No. 36.) They have not added any argument about their own liability, or the allegations against them. The Court will grant the CRA Defendants' motion because Hendon's second amended complaint fails to state a claim as to these four claims.

**I.**     **Hendon's Claim that CRA Defendants Failed to Conduct a Reasonable Reinvestigation Under 15 U.S.C. §1681i Fails as a Matter of Law**.

Hendon asserts that the CRA Defendants failed to conduct a reasonable reinvestigation after she disputed her debt, in violation of 15 U.S.C. §1681i, a provision of the FCRA. The CRA Defendants argue that the second amended complaint fails to state a claim, because Hendon has

---

[3] The remaining claims not challenged in the motion for judgment on the pleadings are all raised against only Banner and Statesman Way. Hendon asserts an FCRA claim that Banner and Statesman Way violated their duties as furnishers of information (Count I), a claim that they violated Wisconsin's applicable Landlord Tenant Laws (Count III), a fraudulent misrepresentation claim (Count VI), and a claim described as "Deceptive Practice: Misuse of Expired CARES-Act Rules (Pretext)" (Count VII). (ECF No. 15 ¶¶31–33, 36–38, 47–55.)

not alleged facts to support an inference that they failed to conduct a reasonable investigation under the relevant law.  (ECF No. 30 at 4–9.)

Consumers have a private right of action to sue persons not complying with the FCRA provisions codified at 15 U.S.C. §§1681–1681x, except where that right is limited by other provisions.  *See* 15 U.S.C. §§1681n(a) & 1681o(a); *Calloway v. Green Tree Servicing, LLC*, 607 F.Supp.2d 669, 673–74 (D. Del. 2009); *Freeman v. Ocwen Loan Servicing, LLC*, 113 F.4th 701 (7th Cir. 2024) (dismissing plaintiff's claim that defendants violated 15 U.S.C. §1681s-2(b) because complaint did not specify which consumer reporting agencies plaintiff notified of her dispute).  Under the FCRA, furnishers—like credit lenders or collection agencies—provide information, while consumer reporting agencies compile that data.  *Denan v. Trans Union LLC*, 959 F.3d 290, 294 (7th Cir. 2020).  Furnishers, who actually provide information about debts, are tasked with accurately reporting those debts.  *Id.* at 294–95; *see* 12 C.F.R. §1022.41(a).

Section 1681i describes the procedure a consumer reporting agency must follow after a consumer disputes a report's accuracy.  In general, a consumer reporting agency must conduct a reasonable reinvestigation to determine whether disputed information is accurate and record the current status of disputed information within 30 days of receiving notice of the dispute. 15 U.S.C §1681i(a)(1)(A).  But consumer reporting agencies are not required to resolve legal issues about the legal validity of a debt during a reinvestigation.

In *Denan*, the Seventh Circuit upheld a district court's order granting judgment on the pleadings in a case alleging that consumer reporting agencies violated Sections 1681e(b) and 1681i of the FCRA.  959 F.3d at 298.  The Seventh Circuit explained that the FCRA requires consumer reporting agencies to follow reasonable procedures while preparing credit reports but does not require them "to determine the legality of a disputed debt," meaning that plaintiffs could not maintain a claim for inaccurate reporting under Section 1681e(b) when the alleged inaccuracy was that the debt was illegal and therefore invalid.  *Id.* at 294–95.  The *Denan* plaintiffs alleged that the defendant consumer reporting agencies had violated Section 1681i by failing to reasonably reinvestigate allegedly illegal payday loan debts, after plaintiffs had disputed the debts.  *Id.* at 296–97.  The Seventh Circuit noted that the same problem applied; the only way for the consumer reporting agency to have discovered the alleged inaccuracy in the reported debt—that it was not legal and thus void—would have been for it to adjudicate the legality of the debt.  *Id.*  The FCRA does not require consumer reporting agencies to do so.  *Id.*

In her second amended complaint, Hendon asserts the CRA Defendants failed to conduct a reasonable reinvestigation of her disputed debt, in violation of Section 1681i of the FCRA. (ECF No. 15 ¶¶34–35.) But she does not allege a factual inaccuracy, that she actually paid her rent before it was due, or that the debt was paid after it accrued. She alleges instead that she was charged an invalid rent for the period of time before Statesman Way could re-rent her apartment, that her security deposit return letter did not itemize deductions and was not signed by the property manager, that Statesman Way improperly charged her for cleaning, and that her lease contained unenforceable clauses. (*Id.* ¶¶13–17.) These are all legal issues that the CRA Defendants are not equipped, nor required, to resolve when conducting a reinvestigation. *See Denan*, 959 F.3d at 296–97; *see also Brill v. TransUnion LLC*, 838 F.3d 919, 921 (7th Cir. 2016). The closest Hendon comes to a factual dispute is her allegation that her move-out day was inaccurately listed. (ECF No. 15 ¶¶1–14.) But this only bears on whether Statesman Way and Banner made a reasonable effort to secure a replacement tenant and mitigate their damages, a legal dispute. Because Hendon does not allege facts that could render the CRA Defendants liable for failing to conduct a reasonable reinvestigation, this claim fails.

## II. Hendon's Defamation And Negligence Claims Fail as a Matter of Law Because They Are Preempted by the FCRA.

Hendon attempts to assert a defamation claim against all Defendants, alleging that they published false statements of fact that she owed an unpaid rental balance, accused her of financial irresponsibility and injured her creditworthiness. (ECF No. 15 ¶¶39–42.) She also pleads this claim as negligence, in the alternative. (*Id.*) The CRA Defendants argue that her defamation and negligence claims are simply preempted by the FCRA, and that she has inadequately pleaded her defamation and negligence claims against them. (ECF No. 30 at 9–11.)

Section 1681h(e) of the FCRA preempts state law defamation or negligent reporting claims and states that "no consumer may bring any action or proceeding in the nature of defamation . . . or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. §1681h(e).[4] To bring a state law defamation claim, or negligence claim, that would not

---

[4] The CRA Defendants do not argue that Section 1681t, another provision preempting state claims that are inconsistent with provisions of the FCRA, applies here.

preempted by the FCRA, a plaintiff must allege facts from which a court could draw a plausible inference that the defendants published false information with malice or a willful intent to injure the consumer; conclusory statements alone are not adequate. *See* 15 U.S.C. §1681h(e); *Billups v. Retail Merchants Ass'n, Inc.*, 620 Fed. App'x 211, 213 (5th Cir. 2015) (dismissing plaintiff's defamation claim against defendant debt collectors as preempted by 15 U.S.C. §1681h(e) because it did not allege malice or willful intent (citing *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 638 (5th Cir. 2002)).

Hendon's second amended complaint alleges that "Defendants acted with knowledge of falsity or reckless disregard for the truth (malice), defeating any FCRA preemption." (ECF No. 15 ¶41.) But it does not allege any facts to support that conclusory assertion, nor does it differentiate between Defendants. The defamation and negligence claims are preempted by Section 1681h(e) of the FCRA.

Even absent preemption, Hendon's second amended complaint also fails to state a defamation claim against the CRA Defendants. To move forward with a defamation claim, a plaintiff must allege the defendant published a false, defamatory, and unprivileged statement. *Fin. Fiduciaries, LLC v. Gannett Co., Inc.*, 46 F.4th 654, 665 (7th Cir. 2022) (citing *Torgerson v. J./Sentinel, Inc.*, 563 N.W. 2d 472, 477 (1997)). Hendon does not differentiate between the Defendants in pleading her defamation claim. She merely alleges that "Defendants published and republished to third parties (NCS, CRAs, landlords) false statements of fact that Plaintiff owed an unpaid rental balance." (ECF No. 15 ¶39.) She further alleges that "Defendants acted with knowledge of falsity or reckless disregard for the truth (malice), defeating any FCRA preemption." (*Id.* ¶41.) This conclusory group pleading illustrates several problems with Hendon's defamation claim. The CRA Defendants cannot publish defamatory facts to themselves. And the publication to NCS (the company seeking to collect the unpaid debt), based on the documents Hendon attached, was done by Statesman Way, the original creditor. (ECF No. 15-1 at 6–12.) And in documents attached to Hendon's second amended complaint and incorporated by reference, both Equifax and Experian reported the debt as *disputed*, and noted a reinvestigation was occurring. (ECF No. 15-1 at 4–5.) There is simply no allegation that the *CRA Defendants* published a false, defamatory, and unprivileged statement. Instead, it reported that a debt was reported as owed by Hendon, and that Hendon disputed the validity of the debt. As discussed above, the FCRA does not require consumer reporting agencies to determine the legal validity of disputed debts. *See*

*Denan*, 959 F.3d at 296–97.  Hendon does not allege she paid the balance, or that she paid her rent in the first place, she merely disputes the legal validity of the amount Statesman Way and Banner charged her.  The Court agrees with the CRA Defendants:  the second amended complaint merely alleges that they did not adopt Hendon's desired interpretation of her lease and the legal significance of its termination.  (ECF No. 30 at 10.)  Based on what she herself included and alleged, the CRA Defendants did not publish a false statement.

Similarly, Hendon's state law negligence claim against the CRA Defendants also fails.  To adequately plead negligence, Hendon must allege that the CRA Defendants owed her a duty of care, a breach of that duty, a causal connection between the breach and her injury, and actual loss or damage resulting from the injury.  *Brenner v. Amerisure Mut. Ins. Co.*, 893 N.W.2d 193, 198 (Wis. 2017).  The only relevant allegations pertaining to the CRA Defendants' alleged breach of a duty of care are that they "verified the account as accurate despite [Hendon's] documentation showing no legally owed balance."  (ECF No. 15 ¶20.) As discussed above, the FCRA does not require consumer reporting agencies to determine the legal validity of disputed debts.  The CRA Defendants were under no duty to determine the legal validity of the debt Statesman Way asserted Hendon owed.

## III.	Hendon's Intentional Infliction of Emotional Distress Claim Fails as a Matter of Law.

Hendon also asserts an intentional infliction of emotional distress claim against all Defendants.  (ECF No. 15 ¶¶43–46.)  The Court has already dismissed one version of this claim in an earlier complaint.  (ECF No. 4 at 6.)  To state a claim for intentional infliction of emotional distress under Wisconsin state law, a plaintiff must allege facts to support an inference  "(1) that the defendant's conduct was intentioned to cause emotional distress; (2) that the defendant's conduct was extreme and outrageous; (3) that the defendant's conduct was a cause in-fact-of the plaintiff's emotional distress; and (4) that the plaintiff suffered an extreme disabling emotional response to the defendant's conduct." *Rabideau v. City of Racine*, 627 N.W.2d 795, 802–03 (Wis. 2001).  Hendon has not alleged facts to support at least two of these elements.

First, Hendon has not pleaded any facts to support an inference that Defendants intended to cause her emotional distress.  *Id.* at 802–03; *see Wyand-Williams v. St. Norbert College, Inc.*, 827 N.W.2d 929 (unpublished table decision), 2013 WL 322897, at *3 (Wis. Ct. App. Jan. 29, 2013) (holding that plaintiff failed to allege facts to permit an inference that his former basketball coaches intended to cause his emotional distress when he alleged only that they embarrassed and

humiliated him and used profanity); *cf. Woltring v. Specialized Loan Servicing LLC*, 56 F.Supp.3d 947, 952–53 (E.D. Wis. 2014) (holding plaintiff had alleged facts to support inference that the defendant loan servicing company intended to cause emotional distress when the complaint alleged that the defendant intentionally overstated a payoff amount for a home loan for years, repeatedly provided conditional estimated payoff amounts with short expiration time frames, and disrupted the plaintiff's son's wedding to inspect her home and announce to the wedding party that she was in foreclosure). Instead, she merely concludes that they intended to cause her severe emotional distress. (ECF No. 15 ¶45.)

Second, the conduct of which Hendon complains is not, as a matter of law, extreme and outrageous. Under Wisconsin law, extreme and outrageous conduct is conduct so egregious that the average member of the community would find the acts forming the basis of the claim to be a complete denial of the plaintiff's dignity as a person. *Alsteen v. Gehl*, 124 N.W.2d 312, 318 (Wis. 1963). That is a high bar. At most, Hendon alleges that her former property management company charged her improperly after terminating her lease, and that the CRA Defendants did not remove a disputed debt from her report. While this issue is generally better suited to being decided at summary judgment, the second amended complaint does not allege sufficient factual matter from which one could reasonable infer that the CRA Defendants' or Banner and Statesman Way's, conduct was extreme and outrageous.

## CONCLUSION

For the reasons discussed above, the Court will grant the CRA Defendants' motion for judgment on the pleadings. The Court will dismiss Counts II, IV, and V, and dismiss the CRA Defendants from this action.

Accordingly,

**IT IS HEREBY ORDERED** that the CRA Defendants' motion for judgment on the pleadings, ECF No. 29, is **GRANTED**. Counts II, IV, and V are **DISMISSED**, and the Clerk is instructed to dismiss Defendants Equifax, Experian, and TransUnion from this action.

**IT IS FURTHER ORDERED** that Statesman Way and Banner's motion to join the motion for judgment on the pleadings is **GRANTED as unopposed**.

**IT IS FURTHER ORDERED** that Defendants' motion to stay discovery pending the resolution of the motion for judgment on the pleadings, ECF No. 39, is **DENIED as moot**.

Dated at Milwaukee, Wisconsin on July 7, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge